UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11013
_____

SIGRID BRUMME,

Petitioner-Appellant,

versus

IMMIGRATION AND NATURALIZATION SERVICE, Department of Justice,
United States of America; BOB SCHULTZ, Immigration and
Naturalization Airport Director; ANNE M. ESTRADA, Dallas District
Director of the Immigration and Naturalization Service; JOHN
ASHCROFT, Attorney General of the United States of America,

Respondents-Appellees.

Appeal from the United States District Court
for the Northern District of Texas

December 7, 2001

Before DUHÉ, WIENER, and BARKSDALE, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

Primarily at issue is whether, in habeas proceedings, federal courts can review an Immigration and Naturalization Service (INS) decision that an alien is subject to expedited removal, pursuant to 8 U.S.C. § 1225(b)(1)(A)(i). Sigrid Brumme, a German citizen, was subjected to such expedited removal upon her attempted reentry, on a visitor visa, into the United States. She contends the district court erred in concluding it lacked jurisdiction to review the INS' determination that she was subject to the statute, which mandates expedited removal of certain undocumented aliens. Alternatively,

she asserts that, if the district court lacked such jurisdiction, the statute is unconstitutional, facially and as applied. **AFFIRMED.**

## I.

Brumme, a German native and citizen, has frequently accompanied her husband on business trips to the United States. In fact, she and her husband own a house in Tucson, Arizona. Brumme's most recent visitor visa, issued on 6 December 1995, was valid through December 2005. In March 2000, the Brummes returned to the United States and received entry permits, valid through that August. Shortly after arriving, Brumme's husband was diagnosed with cancer and began treatment in Tucson.

Brumme returned to Germany on 11 July 2000 to visit her mother. Returning to the United States 10 days later, Brumme was questioned by an INS Immigration Inspector at the Dallas/Ft. Worth Airport and acknowledged she had previously entered the United States intending to become an immigrant. (Intending immigrants generally require an "immigrant" visa — authorizing permanent residence — as opposed to one of the various "nonimmigrant" visas, such as Brumme's "visitor" visa — authorizing a temporary stay for business or pleasure. *See generally* 8 U.S.C. § 1182(a)(7).)

The Inspector determined that Brumme did not possess a valid unexpired immigrant visa and informed her that her visitor visa did not permit her to remain indefinitely in the United States.

2

According to the Inspector, the visitor visa required Brumme to make a significant departure by remaining outside the United States longer than she remained inside. Brumme acknowledged she understood that the visitor visa did not permit her to remain in the United States indefinitely; but she believed she could stay in the United States, leave for a short period, and return.

Based on Brumme's admission that she was an intended immigrant, and because she did not possess the requisite immigrant visa, the Inspector concluded that, pursuant to 8 U.S.C. § 1182(a)(7), Brumme was inadmissible to the United States. That section provides, in pertinent part: "[A]ny immigrant at the time of application for admission ... who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document ... is inadmissible". 8 U.S.C. § 1182(a)(7).

The Inspector ordered Brumme removed almost immediately, pursuant to 8 U.S.C. § 1225(b)(1)(A)(i), which provides:

> If an immigration officer determines that an alien ... who is arriving in the United States ... is inadmissible under ... [8 U.S.C. §] 1182(a)(7) ..., the officer shall order the alien removed from the United States *without further hearing or review....*

(Emphasis added.) The Inspector also gave Brumme a "Notice to Alien Ordered Removed", which "prohibited [her] from entering, attempting to enter, or being in the United States ... for a period

3

of 5 years from the date of [her] departure ... as a consequence of [her] having been found inadmissible".

The next day, Saturday, 22 July 2000, before Brumme departed on a flight to Germany, she filed for habeas relief and a temporary restraining order against her removal. That day, the district court ordered the INS: to show cause why Brumme was not entitled to a hearing before an immigration judge; and to present Brumme that Monday, 24 July. Brumme, however, was removed on a flight later that day (Saturday). Accordingly, she moved to hold the INS in contempt.

On 2 August 2000, the district court denied the contempt motion and dismissed the habeas petition and accompanying motion for a restraining order. Concerning the habeas petition, the court noted 8 U.S.C. § 1252(e)(2), which limits the scope of review in such habeas proceedings:

> Judicial review of any determination made under [8 U.S.C. §] 1225(b)(1) ... is available in habeas corpus proceedings, *but shall be limited to* determinations of—
>
> (A) whether the petitioner is an alien,
>
> (B) whether the petitioner was ordered removed under such section, and
>
> (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee..., or has been granted asylum....

4

(Emphasis added.) The court concluded the answers to those questions were uncontroverted.

The real issue Brumme asked the district court to address, however, was whether she was admissible or entitled to relief from removal. The court held it was expressly precluded from considering that question, in the light of § 1252(e)(5), which provides:

> In determining whether an alien has been ordered removed under [8 U.S.C. §] 1225(b)(1) ..., the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner. *There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal.*

(Emphasis added.) Accordingly, the court held it lacked jurisdiction regarding the requested habeas relief.

## II.

*INS v. St. Cyr*, 121 S. Ct. 2271 (2001), decided approximately one month before the district court's judgment in this case, bears on Brumme's appeal. Unlike the present case, however, *St. Cyr* did not concern an alien subjected to expedited removal. Rather, it concerned a lawful permanent resident who was ordered deported after pleading guilty to selling a controlled substance. *Id.* at 2275.

At issue in *St. Cyr* was whether the district court possessed habeas jurisdiction to review the Attorney General's determination "that [certain statutory] restrictions on discretionary relief from

5

deportation ... do not apply to removal proceedings brought against an alien who pled guilty to a deportable crime before their enactment". *Id.* The INS asserted, *inter alia*, that 8 U.S.C. §§ 1252(a)(1), (a)(2)(C), and (b)(9) — concerning judicial review of non-expedited removal orders generally, and of removal orders against criminal aliens specifically — stripped the district court of habeas jurisdiction to decide that issue.

The Court first reiterated the well-established plain statement rule, which "requir[es] a clear statement of congressional intent to repeal habeas jurisdiction". *St. Cyr*, 121 S. Ct. at 2278-79. The Court then noted the lack of a plain statement — indeed, the lack of any mention of habeas whatsoever — in each of the provisions cited by the INS. *Id.* at 2285-87. The focus of those provisions, as the Court explained, is "judicial review" or "jurisdiction to review", as opposed to "habeas corpus". *Id.* at 2285. Because "judicial review", or "jurisdiction to review", and "habeas corpus" have historically distinct meanings, the INS' cited provisions could not satisfy the plain statement rule. *Id.* at 2285-87. Consequently, they did not strip the district court's jurisdiction under the general habeas statute, 28 U.S.C. § 2241. In dissent, and of significance for this case, Justice Scalia observed that, in the light of *subpart (e)(2)* of 8 U.S.C. § 1252 ("Judicial review of any determination made under [8 U.S.C. §] 1225(b)(1) ... is available in habeas corpus

proceedings...."), which was enacted contemporaneously with the INS' cited provisions, "[i]t is hard to imagine how Congress could have made it any clearer that, when it used the term 'judicial review' in [the Illegal Immigration Reform and Immigrant Responsibility Act of 1996] it included judicial review through habeas corpus". *Id.* at 2295 (Scalia, J., dissenting).

The present case involves different statutory provisions than those at issue in **St. Cyr**, as judicial review of *expedited* removal orders is governed by 8 U.S.C. § 1252(e). *See* **Li v. Eddy**, 259 F.3d 1132, 1134-36 (9th Cir. 2001) (noting judicial review *vel non* of expedited removal orders, restricted pursuant to § 1252(e)(2), does not concern the jurisdictional issues presented in **St. Cyr**). Nevertheless, it appears the district court considered the effect *vel non* of **St. Cyr**. In its memorandum order, the district court alternately concluded that, in the light of 8 U.S.C. §§ 1252(e)(2) and (e)(5): "the scope of review of expedited removal orders is ... narrow[ed]"; "the court lacks power to address [the] question" of whether Brumme was admissible; and the court "does not have jurisdiction over [the] *habeas* petition". These varying references to jurisdiction may well have been tuned to the holding in **St. Cyr**. Likewise, although we alternate terms as statutory language and case law dictate, we treat the extent of review permitted by the applicable statutory provisions as a *jurisdictional* issue. In this regard, a dismissal for lack of subject matter jurisdiction is

7

reviewed *de novo*.  *E.g.*, **Edwards v. Johnson**, 209 F.3d 772, 776 (5th Cir. 2000).

The expedited removal provisions at 8 U.S.C. § 1225(b)(1) were enacted as part of the earlier referenced Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009-546.  As noted, under the IIRIRA, if an inspecting immigration officer determines an alien arriving from abroad is inadmissible because of, *inter alia*, invalid documentation, the inspector "shall order the alien removed from the United States without further hearing or review".  8 U.S.C. § 1225(b)(1)(A)(i).  The statute provides additional procedures to aliens who "indicate[] either an intention to apply for asylum ... or a fear of persecution", 8 U.S.C. § 1225(b)(1)(A)(i), (b)(1)(B); and interim regulations afford additional procedures to persons claiming the "status" of citizenship, lawful permanent residence, or previous admission as a refugee or asylee, 8 C.F.R. § 235.3(b)(5).  Brumme does not claim admission, however, under any of these categories.

The IIRIRA recognizes limited judicial review, in the United States District Court for the District of Columbia, of certain challenges to the expedited removal "system".  8 U.S.C. § 1252(e)(3).  The system has been challenged in that court on various grounds, including the contention — akin to Brumme's — that expedited removal should not apply when an alien's travel

8

documentation is facially valid.  *See American Immigration Lawyers Ass'n v. Reno*, 18 F. Supp. 2d 38 (D.D.C. 1998), *aff'd*, 199 F.3d 1352 (D.C. Cir. 2000).  The district court held that plain language "refutes [the] argument that inspecting immigration officers are restricted [to making] determinations of the 'facial' validity of documents".  *Id.* at 56.

## A.

The nub of Brumme's contention is that the plain language of 8 U.S.C. § 1252(e)(2) — permitting habeas review of, *inter alia*, "whether the petitioner was ordered removed under [§ 1225(b)(1)]" — "permits the court to review whether [§ 1225(b)(1)] was applicable in the first place".  She makes this contention, despite Congress' admonishment that, as quoted earlier, in determining whether a habeas petitioner was ordered removed under § 1225(b)(1), "the court's inquiry *shall be limited to* whether such an order in fact was issued and whether it relates to the petitioner".  8 U.S.C. § 1252(e)(5) (emphasis added).  Brumme attempts an end run around this language; but the language is clear, and the matter ends there.  *See Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 476 (1992) ("The controlling principle in this case is the basic and unexceptional rule that courts must give effect to the clear meaning of statutes as written.").

In sum, §§ 1252(e)(2) and (5) are sufficient to satisfy the plain statement rule concerning habeas restrictions.  *E.g., St.*

*Cyr*, 121 S. Ct. at 2278-79. Along this line, *St. Cyr* opined: "we do not think, given the longstanding distinction between 'judicial review' and 'habeas,' that § 1252(e)(2)'s mention of habeas ... is sufficient to establish that Congress intended to *abrogate* the historical distinction between two terms of art in the immigration context". *Id.* at 2286 n.35 (emphasis added). Nevertheless, the language of § 1252(e)(2) clearly operates, at the very least, to *limit* the scope of review in a habeas proceeding involving determinations made under § 1225(b)(1). Review of the issue Brumme presented to the district court, and which she presents on appeal, *does not* fall within the scope of review permitted by § 1252(e)(2).

The Ninth Circuit agrees. Post-*St. Cyr*, and in response to a similarly-situated habeas petitioner's assertion that the district court had jurisdiction to consider whether § 1225(b)(1)(A)(i) applied (the same assertion Brumme makes), the Ninth Circuit held: "With respect to expedited removal orders, ... the statute *could not be much clearer* in its intent to restrict habeas review". *Li*, 259 F.3d at 1134-35 (emphasis added).

B.

In district court, Brumme's facial and as-applied constitutional challenges were not raised in her habeas petition, memorandum in support of that petition, motion to hold the INS in contempt, brief in support of the district court's jurisdiction, or supplemental brief in support of jurisdiction. Indeed, during the

10

district court proceedings, the only reference to an alleged constitutional violation occurred in the contempt hearing, and only then upon the court's prompting:

> [COURT]: What Constitutional right or law or treaty of the United States does Ms. Brumme contend was violated in her case?
>
> [BRUMME'S COUNSEL]: Of course, the 5th Amendment of the Constitution guarantees due process, and the due process guarantees that one not be submitted to detention or penalty without notice of grounds of the detention or penalty. And in this case the statute gives notice of certain acts that will result in removal from the United States.
>
> [COURT]: Can you stop just a minute? What statute are you referring to there?
>
> [BRUMME'S COUNSEL]: Your honor, [I am] referring to 8 United States Code Section 1225(B)(1)([A])(i).

This fleeting, amorphous reference to the Fifth Amendment — offered only in response to prodding by the court in the contempt proceeding, not the merits proceeding now being reviewed — does not preserve the constitutional claim at issue. To the extent — if at all — Brumme intended to mount a constitutional challenge in district court, such claim is forfeited.[*] *See, e.g., **Nordgren v.***

---

[*]We note, however, the holding of the United States District Court for the District of Columbia in ***American Immigration Lawyers Ass'n***, discussed *supra*:

> Thus, in view of long-standing precedent holding that aliens have no due process rights, the Court concludes that the alien plaintiffs here cannot avail themselves of the protections of the Fifth Amendment to

11

*Hafter*, 789 F.2d 334, 339 n.4 (5th Cir.), *cert. denied*, 479 U.S. 850 (1986); *Emory v. Tex. State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1027 n.* (5th Cir. 1984).

That is not to say, however, that, had constitutional claims been properly presented to the district court, the district court would have had jurisdiction to hear them or that we could have reviewed them. As noted, 8 U.S.C. § 1252(e)(3)(A) provides: "Judicial review of determinations under section 1225(b)", including "whether such section ... is constitutional", "is available in an action instituted *in the United States District Court for the District of Columbia*". (Emphasis added.) In any event, we express no opinion as to jurisdiction, *vel non*, over constitutional challenges to such expedited removals. Likewise, we express no opinion as to the INS' contention that the habeas petition of a deported alien in Brumme's circumstances is mooted on appeal.

III.

For the foregoing reasons, the judgment is

*AFFIRMED.*

---

        guarantee certain procedures with respect to
        their admission. Therefore, plaintiffs' due
        process claim must also be dismissed.

18 F. Supp. 2d at 60, *aff'd*, 199 F.3d 1352 (D.C. Cir. 2000).

12