**Meng LI, Petitioner–Appellant,**

v.

**Robert C. EDDY, District Director, INS, Respondent–Appellee.**

**No. 97–35814.**

United States Court of Appeals, Ninth Circuit.

April 7, 2003.

Margaret D. Stock, Esq., Lisa H. Donnelley, Stock & Moeller, LLC Anchorage, AK, for Petitioner–Appellant.

Allen W. Hausman, Attorney, Hugh G. Mullane, Esq., DOJ—Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent–Appellee.

Before SCHROEDER, Chief Judge, BEEZER and HAWKINS, Circuit Judges.

**ORDER**

After the filing of the Petition for Rehearing, we asked for supplemental briefing on the issue of mootness, because Li is no longer ineligible for reentry under the five-year bar in 8 U.S.C. § 1182(a)(9)(A)(i). Both parties contend that under 8 U.S.C. § 1182(a)(6)(C)(i) Li may be permanently barred from reentry.

■ If, as the parties contend, Section 1182(a)(6)(C)(i) were to erect a permanent bar to reentry, the five-year bar under Section 1182(a)(9)(A)(i) would become meaningless. The parties' contention thus runs squarely against the canon of construction that courts interpret statutes so as not to render any section meaningless. *See, e.g., Beck v. Prupis,* 529 U.S. 494, 506, 120 S.Ct. 1608, 146 L.Ed.2d 561 (2000). Any remaining consequences of Li's original removal are too remote to defeat mootness. *See Spencer v. Kemna,* 523 U.S. 1, 14–15, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

The majority of the panel has voted to vacate the earlier opinions and dismiss the appeal as moot.

The opinions reported at 259 F.3d 1132 (9th Cir.2001) are VACATED and the appeal is DISMISSED AS MOOT.

BEEZER, dissenting:

I am convinced that the case is not moot. *See* 8 U.S.C. § 1182(a)(6)(C)(i).