**John R.G. SMITH, Petitioner,**

v.

**UNITED STATES CUSTOMS AND BORDER PROTECTION, et al., Respondents.**

**Case No. C10–2036–JLR.**

United States District Court,
W.D. Washington,
at Seattle.

May 11, 2011.

---

Robert Pauw, Gibbs Houston Pauw, Seattle, WA, Sarah Murphy, William Z. Reich, Serotte Reich Wilson, Buffalo, NY, for Petitioner.

Erez Reuveni, Department of Justice, Washington, DC, for Respondents.

### ORDER OF DISMISSAL

JAMES L. ROBART, District Judge.

The Court, having reviewed petitioner's Petition for Writ of Habeas Corpus, respondents' Return and Motion to Dismiss, the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge, and the objections or responses to that, and the remaining record, finds and Orders as follows:

1. The Court adopts the Report and Recommendation;
2. Respondents' motion to dismiss, Dkt. No. 13 is GRANTED, and this action is DISMISSED with prejudice;
3. Any pending motions are STRICKEN as MOOT; and
4. The Clerk shall send a copy of this Order to the parties and to Judge Donohue.

### REPORT AND RECOMMENDATION

JAMES P. DONOHUE, United States Magistrate Judge.

### I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner John R.G. Smith proceeds through counsel in this habeas corpus ac-

tion seeking review of the expedited removal order issued by the United States Customs and Border Protection ("CBP") on October 12, 2009, ordering him removed to Canada. Dkt. No. 1 at 1. He argues that in issuing an expedited removal order against him, the CBP acted beyond the authority granted in 8 U.S.C. § 1225(b)(1)(A), violated its own regulations, and violated the Due Process Clause of the Constitution and his right to pursue habeas relief pursuant to Article 1, § 9. *Id.* at 7–8. He requests that this Court issue an Order declaring that the expedited removal order issued against him is unlawful and has no legal effect, and enjoining respondents from finding him inadmissible on the basis of the expedited removal order. *Id.* at 8. Respondents have moved to dismiss, arguing, *inter alia,* that the Court lacks jurisdiction to review the merits of petitioner's habeas petition pursuant to 8 U.S.C. § 1252(e). Dkt. No. 13.

For the reasons set forth below, the Court recommends that respondents' motion to dismiss be GRANTED, and that this action be DISMISSED for lack of jurisdiction.

## II. BACKGROUND FACTS AND PROCEDURAL HISTORY

On October 12, 2009, petitioner, a native and citizen of Canada, arrived at the Oroville, Washington, Port of Entry ("POE") seeking admission into the United States. Administrative Record ("AR") at R42–54. He stated that the purpose of his visit was to travel to SkyDive, Arizona, to sky dive, take photographs, video, and have fun. AR at R47. During primary inspection, petitioner was asked to declare whether he was transporting any alcohol, tobacco, weapons, fruit, vegetables, meat, drugs,

narcotics, or money in excess of $10,000. AR at R11–12, R44–45, R50–51, R53. Petitioner declared that he had no alcohol, tobacco, firearms, or drugs, and that he had $8000. *Id.* During secondary inspection, CBP searched his motor home and discovered nine cartons of cigarettes, and $15,000 in cash and $10,000 in endorsed travelers checks. AR at *Id.* CBP seized the cigarettes and the currency.[1] *Id.*

During the search of the motor home, CBP also discovered a large quantity of photography and printing equipment, and flyers advertising petitioner's work as a photographer/cameraman. AR at R25, R29, R50–53. The flyer states: "Photographer/Cameraman Available," "Oct '09 thru April '10," "Tucson to Phoenix & all points between," and "flexible rates & schedule specializing in skydiving, motorcycle events, aircraft, and nudes." AR at R22.

CBP obtained a sworn statement from petitioner. AR 44–49. When CBP asked about his photography, petitioner stated that it was not a business, that he does not get paid to take photographs, and that he receives a "jump ticket" as compensation for his photographs. AR at R46–47. He indicated that had been photographing jumps for other people during his visits to the United States for several years, and that he jumps approximately 150 times over the course of a visit. AR at R46. He stated that people can buy his photographs through his website at www.skydyv.com. AR at 47. He admitted that he was traveling with $25,630, and that he had lied about the amount of money he was traveling with during primary inspection and twice during secondary inspection. AR at 45. He likewise admitted that he was

---

1. On December 4, 2009, petitioner submitted a petition for mitigation of penalties pursuant to 19 U.S.C. § 1618, which was granted by the CBP on February 4, 2010. Dkt. 16, Ex. 1; Dkt. 13, Ex. 2 at 18. The CBP agreed to remit the seized currency upon payment of a $1,000 penalty. *Id.*

aware of the U.S. reporting requirement and purposely chose not to report the currency. *Id.*

CBP determined that petitioner was inadmissible to the United States pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I), on the basis that he was an immigrant not in possession of a valid entry document who intended to work in the United States as a photographer for compensation. AR at R44, L5. Petitioner was processed for expedited removal pursuant to 8 U.S.C. § 1225(b)(1), and was returned to Canada the same day where he is currently at liberty. AR at L2–5. The expedited removal order bars petitioner from re-entering the United States for a period of five years from the date of his departure. *Id.*

On or about March 1, 2010, petitioner, through counsel, submitted to CBP a request to vacate the expedited removal order issued at the Oroville Port of Entry on October 12, 2009. Dkt. No. 13 at 4. On or about March 11, 2010, CBP responded that it would not vacate the expedited removal order, stating that the officer involved in the case acted within the scope of his authority, and that the decision to order petitioner removed pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) was justified. Dkt. 13, Attach. 2 at 21–22.

On December 20, 2010, petitioner filed the instant habeas petition challenging his expedited removal order. Dkt. No. 1. On January 20, 2011, respondents filed a return and motion to dismiss. Dkt. No. 13. On February 28, 2011, petitioner opposed respondents' motion and simultaneously moved for summary judgment. Dkt. No. 16. Respondents then filed a motion to hold in abeyance petitioner's motion for summary judgment until the Court resolves their motion to dismiss, Dkt. No. 18, and a reply in support of their motion to dismiss, Dkt. No. 19. Additional briefing filed includes petitioner's reply to respondents' motion for abeyance, Dkt. No. 20, respondents' reply in support of their motion for abeyance, Dkt. No. 21, respondents' opposition to plaintiff's motion for summary judgment, Dkt. No. 22, and petitioner's reply in support of their motion for summary judgment, Dkt. No. 23. The matter is now ripe for review.

## III. DISCUSSION

### A. *Expedited Removal of Inadmissible Arriving Aliens*

The Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA") "substantially amended the Immigration and Nationality Act of 1952 ('INA') and established a new summary removal process for adjudicating the claims of aliens who arrive in the United States without proper documentation." *American Immigration Lawyers Assoc. v. Reno*, 18 F.Supp.2d 38, 41 (D.D.C.1998). Under the statutory scheme established by IIRIRA, "an alien (a person not a citizen or national of the United States) is deemed to be seeking 'entry' or 'admission' into the United States if he 'arrives' at a port of entry (such as an airport) and has not been admitted by an immigration officer." *Id.* at 42 (citing 8 U.S.C. § 1225(a)(1); 8 C.F.R. § 1.1(q)). An alien who, at time of his or her application for admission into the United States, misrepresents a material fact, 8 U.S.C. § 1182(a)(6)(C), or who is "not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by the [INA]," 8 U.S.C. § 1182(a)(7), is deemed inadmissible and is subject to expedited removal. 8 U.S.C. § 1225(b)(1)(A)(i). Section 1225(b) provides in part that:

> If an immigration officer determines that an alien . . . is inadmissible under section 1182(a)(6)(C) [material misrepresentation] or 1182(a)(7) [lack of proper documentation] of this title, the officer

shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution.

8 U.S.C. § 1225(b)(1)(A)(i) (emphasis added). If an alien is found to be inadmissible for any other reason, the alien is referred for " 'regular,' non-expedited proceedings conducted under [8 U.S.C. § 1229a]." *American Immigration Lawyers Assoc.*, 18 F.Supp.2d at 42 (citing 8 U.S.C. § 1225(b)(2)(A)).

**B.** *Judicial Review of Expedited Removal Orders*

Judicial review of expedited removal orders under 1225(b) is governed by 8 U.S.C. § 1252. Section 1252(a) provides:

(A) Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review—

(i) except as provided in subsection (e) of this section, any individual determination or to entertain any cause of claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title.

8 U.S.C. § 1252(a)(2)(A)(i). In turn, subsection (e) permits review of expedited removal orders through habeas corpus proceedings, however, review is limited to an inquiry over: " '(A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under such section, and (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, [or is a refugee or has been granted non-terminated asylum].' " *Garcia de Rincon v. DHS*, 539 F.3d 1133, 1138–39 (9th Cir.2008) (quoting 8 U.S.C. § 1252(e)(2)). "In deter-

mining whether an alien has been ordered removed under 1225(b) of this title, the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner." 8 U.S.C. § 1252(e)(5). That subsection further provides that "[t]here shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." *Id.* (emphasis added).

**C.** *The Court Lacks Jurisdiction to Hear Petitioner's Habeas Corpus Petition.*

■ In the present case, petitioner has not disputed that he is an alien, nor has he claimed to be a lawful permanent resident of the United States, a refugee, or an asylee. It is also clear that he was ordered removed from the United States pursuant to the expedited removal process under 8 U.S.C. § 1225(b)(1)(A)(i). AR at L2–5. Accordingly, it appears the court has reviewed all of the questions it may consider. *See de Rincon*, 539 F.3d at 1138–39. The Court is also precluded by statute from reviewing "whether [petitioner] is actually inadmissible or entitled to any relief from removal." 8 U.S.C. § 1252(e)(5).

Nevertheless, petitioner filed this habeas corpus action challenging the validity of the expedited removal order entered against him pursuant to 8 U.S.C. § 1225(b)(1). Dkt. No. 1, Dkt. No. 16. Petitioner argues that CBP erroneously determined that he was subject to expedited removal based on its determination that he was an intending immigrant not in possession of a valid entry document who intended to work in the United States as a photographer for compensation. *Id.* He contends that he is not an intending immigrant, but a Canadian nonimmigrant visitor for whom documentary requirements are waived. *Id.* He further contends that the statutory provisions limiting habeas

review violate his right to due process and habeas corpus review under the Suspension Clause.

As indicated supra, the scope of habeas corpus review is limited. With few exceptions, "no court shall have jurisdiction to review ... any individual determination or to entertain any cause of claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)." 8 U.S.C. § 1252(a)(2)(A)(i). Under subsection 1252(e)(2), the habeas court is limited to determining whether the petitioner is an alien, whether the petitioner was ordered removed under the expedited removal process, and whether petitioner can prove that he is a lawful permanent resident of the United States, refugee or asylee. 8 U.S.C. § 1252(e)(2). "With respect to expedited removal orders, ... the statute could not be much clearer in its intent to restrict habeas review." *Li v. Eddy*, 259 F.3d 1132, 1134–35 (9th Cir.2001), *vacated on reh'g as moot*, 324 F.3d 1109, 1110 (9th Cir.2003); *see also de Rincon*, 539 F.3d at 1141.

Despite the explicit language barring review of "whether the alien is actually inadmissible or entitled to any relief from removal," petitioner maintains that the Court may review whether the expedited removal statute was properly invoked. Petitioner does not challenge the existence of his expedited removal order, but the legality of it. In essence, he asks this Court to review the merits of his expedited removal order, a task over which Congress has expressly foreclosed. *See Li*, 259 F.3d at 1134; *see also Galindo–Romero v. Holder*, 621 F.3d 924, 928 n. 4 (9th Cir.2010) (noting "§ 1252(e) permits review of expedited removal orders only in a habeas corpus petitioner, and even then review is strictly limited to three discrete inquiries set forth in § 1252(e)."); *de Rincon*, 539 F.3d at 1140 (finding that both the circuit court

and the district court were jurisdictionally barred from hearing habeas petition challenging an expedited removal order); *accord Brumme v. INS*, 275 F.3d 443, 447–48 (5th Cir.2001) (rejecting claim that section 1252(e) permits habeas review of whether section 1225(b)(1) was applicable to petitioner); *Khan v. Holder*, 608 F.3d 325, 330 (7th Cir.2010) (holding that the court lacked jurisdiction to inquire whether the expedited removal procedure was properly invoked); *Vaupel v. Ortiz*, 244 Fed.Appx. 892, 895 (10th Cir.2007) ("The language of the statute clearly and unambiguously precludes review in a habeas proceeding of 'whether the alien is actually inadmissible or entitled to any relief from removal.' ").

The Court is not at liberty to disregard the jurisdiction stripping statute and review the merits of whether the CBP correctly initiated expedited removal proceedings. As the circuit court in *Khan* explained,

The troubling reality of the expedited removal procedure is that a CBP officer can create the § 1182(a)(7) charge by deciding to convert the person's status from a non-immigrant with valid papers to an intending immigrant without the proper papers, and then that same officer, free from the risk of judicial oversight, can confirm his or her suspicions of the person's intentions and find the person guilty of that charge. The entire process—from the initial decision to convert the person's status to removal—can happen without any check on whether the person understood the proceedings, had an interpreter, or enjoyed any other safeguards. To say that this procedure is fraught with risk of arbitrary, mistaken, or discriminatory behavior ... is not, however, to say the courts are free to disregard judicial limitations. They are not, and we thus must align ourselves with the courts that have considered the issue and hold that we lack

jurisdiction to inquire whether the expedited removal procedure to which [petitioner was] subjected was properly invoked.

*Khan,* 608 F.3d at 329. In light of the limitations under section 1252(e), the Court lacks jurisdiction to inquire whether the expedited removal procedure was properly invoked in petitioner's case. Rather, the Court's review is limited to determining whether the petitioner is an alien, whether the petitioner was ordered removed under the expedited removal process, and whether petitioner can prove that he is a lawful permanent resident of the United States, refugee or asylee, none of which petitioner contests. Because petitioner raises none of the permissible avenues for habeas review of his petition, the Court lacks jurisdiction to hear petitioner's habeas petition.

■ To sidestep IIRIRA's restrictions on habeas review, petitioner contends that the jurisdiction stripping provisions of § 1252(e)(2) "violate the Due Process Clause of the Constitution and Petitioner's right to habeas corpus review pursuant to Article 1, § 9 of [the] Constitution." Dkt. No. 1 at 7. Relying on *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), and *Ramadan v. Gonzales,* 479 F.3d 646 (9th Cir.2007), petitioner argues that these cases permit habeas review of whether the expedited removal provision was erroneously applied to him. Dkt. No. 16 at 17–18. However, as respondents point out, unlike the present case, neither *St. Cyr* nor *Ramadan* involved an alien subjected to expedited removal. Moreover, the Ninth Circuit, as well as other circuit courts, have rejected the notion that § 1252(e)(2) violates the Constitution. *See de Rincon,* 539 F.3d at 1141–42; *Li,*

259 F.3d at 1135; *Brumme,* 275 F.3d at 446.

In *St. Cyr,* the Supreme Court considered whether the district court had habeas jurisdiction to review the Attorney General's determination "that [certain statutory] restrictions on discretionary relief from deportation ... do not apply to removal proceedings brought against an alien who pled guilty to a deportable crime before their enactment." *St. Cyr,* 533 U.S. at 293, 121 S.Ct. 2271. The government had argued that 8 U.S.C. § 1252(a)(1), (a)(2)(C) and (b)(9), relating to judicial review of non-expedited removal orders, precluded habeas corpus review. The Court found that because "[n]either [§ 1252(a)(1) nor (a)(2)(C) ] explicitly mentions habeas, or 28 U.S.C. § 2241," "neither provision speaks with sufficient clarity to bar jurisdiction pursuant to the general habeas statute." *Id.* at 312–13, 121 S.Ct. 2271. The Supreme Court concluded that a law suspending habeas corpus must be clear and contain specific language suspending the review. *Id.* at 313–14, 121 S.Ct. 2271. Consequently, the jurisdiction stripping provisions did not bar habeas jurisdiction under 28 U.S.C. § 2241.[2]

Unlike the present case, however, *St. Cyr* did not concern an alien subject to expedited removal. Moreover, unlike the statutory provisions at issue in *St. Cyr,* the expedited removal provisions expressly narrowed § 2241 habeas corpus jurisdiction. Thus, in *Li,* the Ninth Circuit observed that restricted habeas review of expedited removal orders "does not implicate the jurisdictional issues" raised in *St. Cyr. Li,* 259 F.3d at 1135; *cf. St. Cyr,* 533 U.S. at 289, 121 S.Ct. 2271. The *Li* court affirmed the district court's jurisdictional dismissal of the petitioner's habeas petition, noting that the limitations in

---

**2.** 8 U.S.C. § 1252(a)(2)(C) and (b)(9) have since been amended by the REAL ID Act to expressly limit habeas review. *See* REAL ID Act of 2005, Pub. L. No. 109–13, 119 Stat. 231 (May 11, 2005).

§ 1252(e) "could not be much clearer in [their] intent to restrict habeas review." *Li,* 259 F.3d at 1135. The Ninth Circuit reaffirmed *Li* in *de Rincon,* again noting that "the limitations in § 1252(e)(2) 'could not be much clearer in [their] intent to restrict habeas review.' " [3] *de Rincon,* 539 F.3d at 1142 (quoting *Li,* 259 F.3d at 1134–35); *see also Brumme,* 275 F.3d at 448 (finding "§§ 1252(e)(2) and (5) are sufficient to satisfy the plain statement rule concerning habeas restrictions" in *St. Cyr* ). In light of the post-*St. Cyr* cases addressing the expedited removal provisions and the clear pronouncement of § 1252(e), petitioner's contention that 8 U.S.C. § 1252(e) violates the Suspension Clause is without merit.[4]

█ Likewise, both *Li* and *de Rincon* reject any suggestion that an alien seeking admission to the United States has any procedural due process rights regarding his admission or exclusion. *See de Rincon,* 539 F.3d at 1142; *Li,* 259 F.3d at 1136 ("Li ... has no constitutional due process right to challenge her immigration status or to petition for entry into the United States because she is a non-resident alien seeking entry at the border into the United States"). It is well established that "[a]lthough aliens seeking admission into the United States may physically be allowed within its borders pending a determination of admissibility, such aliens are legally considered to be detained at the border and

hence as never having effected entry into the country." *American Immigration Lawyers Assoc.,* 18 F.Supp.2d at 59. " 'Because such aliens are not considered to be within the United States, but rather at the border, courts have long recognized that such aliens have 'no constitutional right[s]' with respect to their applications for admission." *Id.* (quoting *Landon v. Plasencia,* 459 U.S. 21, 32, 103 S.Ct. 321, 74 L.Ed.2d 21 (1982)). Indeed, "an initial entrant has no liberty (or other) interest in entering the United States, and thus has no constitutional right to *any* process in that context; whatever Congress by statute provides is obviously sufficient, so far as the Constitution goes." *Rafeedie v. INS,* 880 F.2d 506, 520 (1989). Thus, petitioner states no cognizable due process claim.

## IV. CONCLUSION
April 7, 2011.

For the foregoing reasons, the Court recommends that respondents' motion to dismiss be GRANTED, and that this matter be DISMISSED for lack of subject matter jurisdiction. Any pending motions should be stricken as MOOT. A proposed order accompanies this Report and Recommendation.

---

**3.** The Ninth Circuit in *de Rincon* noted, although *"Li* was subsequently vacated on mootness grounds, and is therefore not binding precedent. We discuss it here nonetheless because the case is analytically sound, and because it was vacated on grounds unrelated to its analysis of the constitutionality of the limitations on review of an expedited removal order." *de Rincon,* 539 F.3d at 1141 n. 4

**4.** For the same reasons, *Ramadan* does not affect the outcome of the case. In *Ramadan,* the Ninth Circuit considered the scope of its

jurisdiction under the REAL ID Act to review the agency's denial of the petitioner's asylum application. *Ramadan,* 479 F.3d at 646. The court determined that in preserving its authority to review questions of law, the REAL ID Act permitted review "of the application of statutes or regulations to undisputed historical facts." *Id.* at 654. As respondents argue, *Ramadan* involved judicial challenges to removal, it did not involve review of an expedited removal order. *Ramadan* cannot be interpreted to overrule the Ninth Circuit's subsequent decisions in *de Rincon* and *Li,* which squarely address expedited removal.