**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LIBAN AHMED ABDALA,
            *Petitioner-Appellant,*

v.

IMMIGRATION AND NATURALIZATION
SERVICE; ADELE J. FASANO, Dist.
Director, INS District Director for
the San Diego District,
            *Respondents-Appellees.*

No. 06-55774

D.C. No.
CV-00-01828-WQH

OPINION

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted
May 8, 2007—Pasadena, California

Filed June 4, 2007

Before: Barry G. Silverman, Kim McLane Wardlaw, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Bybee

6711

**COUNSEL**

Jason I. Ser, Public Defender's Office, San Diego, California, for the petitioner-appellant.

Samuel W. Bettwy, United States Attorney's Office, San Diego, California, for the respondent-appellee.

**OPINION**

BYBEE, Circuit Judge:

Liban Abdala ("Abdala") was ordered removed from the United States to Somalia as a result of his criminal convictions. While in Immigration and Naturalization Service ("INS") custody, Abdala filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in which he challenged the length of his pre-deportation detainment. Shortly after filing that petition, Abdala was deported. We hold that because Abdala's habeas claims challenged only the length of his detention, as distinguished from the lawfulness of the

deportation order, his grievance could no longer be remedied once he was deported. His petition was thus rendered moot by his removal.

I

Abdala, a native citizen of Somalia, immigrated to the United States in 1997. That year, he was convicted in California state court of the unlawful taking of a vehicle and sentenced to 181 days imprisonment and 3 years probation. Then, in 1999, he was convicted in federal court of conspiracy to destroy government property, in violation of 18 U.S.C. §§ 371 and 1361, and sentenced to 364 days imprisonment and 3 years supervised release. It appears Abdala was taken into INS custody on November 2, 1999. Based on his convictions, on April 25, 2000, an immigration judge ("IJ") ordered Abdala removed from the United States to Somalia. Abdala did not appeal that order.

On September 11, 2000, Abdala filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. In that petition, Abdala challenged his detention at the INS facility, asserting that he had been held beyond the statutorily prescribed 90-day period in contravention of 8 U.S.C. § 1231(a) and the Due Process Clause of the Fifth Amendment. On October 11, 2000, Abdala sought a temporary restraining order and preliminary injunction enjoining his removal to Somalia. Abdala was deported from the United States to Somalia on October 21, 2000, and the district court denied Abdala's request for a temporary restraining order on October 23, 2000.

On November 20, 2000, one month after he was deported, Abdala filed a motion in the district court to amend his habeas petition. In that motion, Abdala raised two new claims. First, Abdala claimed that his removal to Somalia violated 8 U.S.C. § 1231(b) because the Department of Homeland Security failed to obtain the Somali government's permission to effectuate Abdala's repatriation, in contravention of statutory

requirements. Second, he argued that because there was no "functioning central government" in Somalia, it could not "be considered a state/country pursuant to international law" and he could not be deported to a non-country. *See* 8 U.S.C. § 1231(b). The district court granted Abdala leave to amend his petition on January 27, 2004, and Abdala filed an amended petition that same day.

On May 1, 2006, the district court denied Abdala's amended petition. The court noted that the Supreme Court's decision in *Jama v. Immigration & Customs Enforcement*, 543 U.S. 335 (2005), held that Somalia's inability to accept an alien does not preclude the alien's removal from the United States foreclosed Abdala's first new claim. The district court then held that Abdala's remaining argument was moot. This appeal followed.[1]

## II

**[1]** The Supreme Court has referred to mootness as " 'the doctrine of standing set in a time frame.' " *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997)). To maintain an extant claim, a litigant must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001). At any stage of the proceeding a case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

**[2]** Deportation from the United States after filing a habeas petition does not necessarily moot a petitioner's claim.

---

[1]We review de novo a district court's dismissal of a habeas petition as moot. *See Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1509 (9th Cir. 1994).

Instead, as the Supreme Court has held, the "in custody" provision of 28 U.S.C. § 2254 requires only that a petitioner be incarcerated—or, as here, in INS custody—at the time a habeas petition is filed. *See Spencer*, 523 U.S. at 7. Just as "[a] habeas petition challenging the underlying conviction is never moot simply because, subsequent to its filing, the petitioner has been released from custody," *Chacon v. Wood*, 36 F.3d 1459, 1463 (9th Cir. 1994), a petitioner's deportation does not automatically render his claim moot. *See Zegarra-Gomez v. INS*, 314 F.3d 1124, 1126-27 (9th Cir. 2003).

**[3]** For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining "collateral consequence" that may be redressed by success on the petition. *See Spencer*, 523 U.S. at 7 ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."); *Zegarra-Gomez*, 314 F.3d at 1127 ("We also agree that the case or controversy requirement is satisfied where the petitioner is deported, so long as he was in custody when the habeas petition was filed and continues to suffer actual collateral consequences of his removal."). In *Zegarra-Gomez*, for example, the petitioner sought relief from deportation under § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). *See* 314 F.3d at 1125. Although Zegarra-Gomez was deported before the district court could act on his petition, we held that he continued to suffer collateral consequences after his removal because, under 8 U.S.C. § 1182(a)(9)(A)(ii), his aggravated felony conviction barred him from seeking cancellation of removal for twenty years— a consequence that his petition for § 212(c) relief may have cured—and thus that his claim was not rendered moot by his deportation. *See* 314 F.3d at 1125-27. Likewise, in *Handa v. Clark*, 401 F.3d 1129, 1132-33 (9th Cir. 2005), we held that where a petition filed prior to deportation asserted that the government had improperly applied Visa Waiver Program

procedures—effectively disputing the merits of the order of deportation—the petitioner faced sufficient collateral consequences to maintain a live case or controversy because he would be ineligible to apply for reentry for ten years. *See also Ferreira v. Ashcroft*, 382 F.3d 1045, 1049 (9th Cir. 2004) (holding that where the petitioner challenged the characterization of his conviction as an aggravated felony and faced ineligibility to seek readmission to the United States for twenty years, the case was not mooted by his deportation); *Chong v. INS*, 264 F.3d 378, 385 (3d Cir. 2001) (similar).

**[4]** By contrast, where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody. For example, a petitioner subject to the collateral consequences of a ten-year bar to reentry did not present a cognizable claim where the petitioner was also permanently barred from reentry on a wholly separate ground. *See Perez v. Greiner*, 296 F.3d 123, 125-26 (2d Cir. 2002). In addition, where a petitioner only requested a stay of deportation, his habeas petition was rendered moot upon his deportation. *See, e.g.*, *Hose v. INS*, 180 F.3d 992, 995 (9th Cir. 1999) (en banc); *Jean v. Gonzales*, 452 F.3d 392, 395 (6th Cir. 2006); *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1338 (11th Cir. 2001) (per curiam). Likewise, a petitioner's release from detention under an order of supervision "moot[ed] his challenge to the legality of his extended detention." *Riley v. INS*, 310 F.3d 1253, 1256-57 (10th Cir. 2002); *see also Sayyah v. Farquharson*, 382 F.3d 20, 22 n.1 (1st Cir. 2004) (holding that a "claim[ of] indefinite detention . . . was mooted by [a petitioner's] subsequent release"). In such situations, the habeas petitions raised claims that were fully resolved by release from custody. Thus, the petitioners' claims were rendered moot because successful resolution of their pending claims could no longer provide the requested relief.

**[5]** Here, Abdala's deportation does not give rise to collateral consequences that are redressable by success on his origi-

nal petition. That petition, filed September 11, 2000, challenged only the length of his detention at the INS facility. Abdala was subsequently deported six weeks later, thereby curing his complaints about the length of his INS detention. Abdala asserts no collateral consequences of deportation that his original petition could have redressed. As of the date of his deportation, there was no extant controversy for the district court to act upon and Abdala's petition was moot.

[6] Abdala's attempt to amend his habeas petition after his deportation could not revive his petition. He sought to file an amended petition nearly a month after he was released from custody and deported to Somalia. As Abdala was no longer "in custody" within the meaning of 28 U.S.C. § 2254 when he attempted to amend his petition, his petition was moot and there was nothing to amend.[2]

[7] Because Abdala's original petition did not seek to redress collateral consequences arising from his deportation, under the unique circumstances and timing presented here, we must dismiss his petition as moot.

**DISMISSED.**

---

[2]Even if we were to treat Abdala's amended petition as a second petition, filed subsequent to deportation, *see* 28 U.S.C. § 2244(3), Abdala fails to present "extreme circumstances"—such as removal in contravention of due process—that would permit review of his claims now that he has been deported. *See Miranda v. Reno*, 238 F.3d 1156, 1158-59 (9th Cir. 2001). *Cf. Singh v. Waters*, 87 F.3d 346, 349 (9th Cir. 1996) (allowing claim that the INS removed an immigrant "in violation of the immigration judge's order and after interference with his right to counsel" to proceed); *Mendez v. INS*, 563 F.2d 956, 957-58 (9th Cir. 1977) (considering claim that "deportation was effected by procedurally defective means" because " 'departure' in the context of 8 U.S.C. § 1105a cannot mean 'departure in contravention of procedural due process' ").