**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 9, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JON STEPHAN VAUPEL,

        Petitioner-Appellant,

v.

MARIO ORTIZ; J. ALEXANDER;
MICHAEL CHERTOFF; MICHAEL J.
GARCIA; ALBERTO GONZALES,

        Respondents-Appellees.

No. 06-1103
(D.C. No. 05-cv-327-WDM-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.


Petitioner Jon Stephan Vaupel appeals from the district court's denial of his

petition for writ of habeas corpus under 28 U.S.C. § 2241. On appeal, he

challenges the validity of an expedited removal order and his continued detention.

We dismiss the appeal for lack of jurisdiction.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Mr. Vaupel is an Australian citizen. He married a United States citizen, Stacy Schwab, in 2002. Prior to 2003, he entered the United States several times under the Visa Waiver Program ("VWP"). *See* 8 U.S.C. § 1187. Under the VWP, nonimmigrant visitors from certain participating countries may enter and remain in the United States for a period not exceeding 90 days, without having to obtain and present a visa. *See id.* § 1187(a). He admits that he overstayed his authorized 90-day period on at least one occasion. On January 31, 2003, he again attempted to enter the United States under the VWP, but his application was denied based on his previous overstay. At that time he was enroute to the United States to be with Ms. Schwab, who was experiencing medical complications in connection with the birth of the couple's child. Based on the circumstances, Mr. Vaupel was granted humanitarian parole into the United States for 30 days. *See* 8 U.S.C. § 1182(d)(5)(A). His period of parole was later extended to March 7, 2003. On that date he and Ms. Schwab signed application forms to adjust Mr. Vaupel's status to legal permanent resident ("LPR"), based upon his marriage to a United States citizen. Their application forms were not filed until April 10, 2003.

A year later, in April 2004, Ms. Schwab was arrested and charged with harassment and child abuse following an altercation with Mr. Vaupel. In June 2004, he was arrested and charged with menacing and harassment of Ms. Schwab,

as well as forgery related to false identification documents. Ms. Schwab withdrew her petition in support of Mr. Vaupel's application to become an LPR on June 25, 2004. Consequently, his application was automatically denied. He filed a divorce petition in Colorado state court on July 2.

Mr. Vaupel was detained by Immigration and Customs Enforcement ("ICE") on October 12, 2004. On October 14, ICE issued a Determination of Inadmissibility and Order of Removal. The Determination of Inadmissibility stated that Mr. Vaupel was inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) because his application under the VWP had been denied and he thereafter failed to depart the United States following expiration of his period of parole. It stated further that he was "an immigrant not in possession of a valid, unexpired immigrant visa and [he was] not exempt from having one." R., Doc. 12, Ex. A-16. The Order of Removal found him inadmissible as charged and ordered him removed from the United States under 8 U.S.C. § 1225(b)(1), which provides for "expedited removal" of certain inadmissible arriving aliens. On October 15, Mr. Vaupel submitted a Violence Against Women Act ("VAWA") petition seeking to self-adjust to LPR status on the ground that he is a former spouse of an abusive United States citizen.

Mr. Vaupel filed his habeas petition in the district court on February 22, 2005, alleging that he was being held illegally and asking the court to enjoin respondents from deporting him. He also sought interim relief, seeking to be

released from detention pending resolution of his habeas petition or a determination on his VAWA petition, whichever occurred later. The district court issued an order to show cause why the petition for writ of habeas corpus should not be granted and respondents then filed motions to dismiss the petition. The district court referred the motions to dismiss and Mr. Vaupel's motion for interim relief to a magistrate judge, who recommended granting respondents' motions and denying Mr. Vaupel's motion. The district court adopted in part the magistrate judge's recommendations, denied the habeas petition and denied the motion for interim relief. Mr. Vaupel filed a timely notice of appeal. On February 25, 2007, he was deported.

## II. Discussion

We must first determine whether we have jurisdiction to review any of the claims on appeal.

### A. Challenges to the Expedited Removal Order

Mr. Vaupel makes several arguments addressing the validity of the expedited removal order entered pursuant to § 1225(b)(1): (1) he is not an inadmissible arriving alien subject to expedited removal because (i) he was improperly granted humanitarian parole when other options for relief were available and (ii) he was eligible for an exception to inadmissibility as a VAWA petitioner under 8 U.S.C. § 1182(a)(6)(A)(ii); (2) expedited removal is

-4-

inapplicable to VWP applicants; and (3) the expedited removal procedures denied him due process.

The scope of judicial review of orders of removal under § 1225(b)(1) is extremely narrow. With very limited exceptions, "no court shall have jurisdiction to review . . . any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)." 8 U.S.C. § 1252(a)(2)(A)(i). Specifically, no court has jurisdiction to review "a decision by the Attorney General to invoke the provisions of [§ 1225(b)(1)]," "the application of [that] section to individual aliens," or "procedures and policies adopted by the Attorney General to implement [that section]." *Id.* at § 1252(a)(2)(A)(ii) - (iv). Judicial review of determinations made under § 1225(b)(1) is available in habeas corpus proceedings, but such review is

> limited to determinations of–
> (A) whether the petitioner is an alien,
> (B) whether the petitioner was ordered removed under such section, and
> (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee . . . or has been granted asylum.

*Id.* at § 1252(e)(2)(A)-(C). Section 1252(e)(5) provides further that:

> In determining whether an alien has been ordered removed under section 1225(b)(1) of this title, the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the

petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal.

The district court recognized the limited scope of its jurisdiction to review the validity of Mr. Vaupel's expedited removal order and therefore considered only whether he is an alien, whether he was ordered removed under § 1225(b)(1), and whether he could prove he was an LPR, had been admitted as a refugee, or had been granted asylum. He does not assert that the district court's findings on these issues were in error. But he argues that the district court erred in construing the scope of its jurisdiction under § 1252(e) too narrowly. For this proposition he relies on a district court case from outside this circuit which held that, in ascertaining whether an order of removal "relates to" the alien under § 1252(e)(5), a court may determine whether the expedited removal statute was lawfully applied to the alien. *See Am.-Arab Anti-Discrimination Comm. v. Ashcroft*, 272 F. Supp. 2d 650, 663 (E.D. Mich. 2003). We respectfully disagree. The language of the statute clearly and unambiguously precludes review in a habeas proceeding of "whether the alien is actually inadmissible or entitled to any relief from removal." 8 U.S.C. § 1252(e)(5). *See also Brumme v. INS*, 275 F.3d 443, 447-48 (5th Cir. 2001) (rejecting claim that § 1252(e) permits habeas review of whether § 1225(b)(1) was applicable to petitioner); *Li v. Eddy*, 259 F.3d 1132, 1134 (9th Cir. 2001) ("On its face, [§ 1252(e)(2)] does not appear to permit the court to inquire into whether section 1225(b)(1) was properly invoked, but only

-6-

whether it was invoked at all. Were there any doubt of congressional intent, it is resolved by [§ 1252(e)(5)], that expressly declares that judicial review does not extend to actual admissibility."), *vacated as moot*, 324 F.3d 1109 (9th Cir. 2003).

Mr. Vaupel does not specifically address whether we have jurisdiction to consider his claim that the expedited removal procedures violate his right to due process. Respondents assert, without supporting citation, that the court has jurisdiction because he presents a constitutional challenge to the expedited removal procedures. We hold that under § 1252(a)(2)(A) we do not have jurisdiction to consider that claim. Nor is there an exception in § 1252(e) providing authority to review constitutional claims related to the application of § 1225(b)(1).[1] Moreover, § 1252(e)(3) sets forth the process for bringing a constitutional challenge to § 1225(b) or its implementing regulations. Such a claim may be brought in the United States District Court for the District of Columbia and must have been filed no later than 60 days after the date the challenged section or regulation was first implemented. *See id.* at § 1252(e)(3)(A)-(B); *see also Am. Immigration Lawyers Ass'n v. Reno*, 18 F. Supp. 2d 38, 46-7, 60 (D.D.C. 1998) (dismissing as time-barred aliens'

---

[1]    In another context, Congress has specifically authorized judicial review of constitutional claims, notwithstanding statutory limitations on judicial review. *See* 8 U.S.C. § 1252(a)(2)(D). But that provision applies to the construction of subparagraphs (B) and (C) of § 1252(a)(2), which are inapplicable here, and explicitly does not apply to other provisions of § 1252 limiting judicial review. It is also applicable only to constitutional claims raised in petitions for review filed in an appropriate court of appeals. *See id.* § 1252(a)(2)(D).

claims filed beyond the 60-day deadline; dismissing on the merits other aliens' timely due process challenge to expedited removal procedures).  Thus, to the extent Mr. Vaupel raises a systemic challenge to the constitutionality of the expedited removal procedures, such a claim may not be brought in the courts in this circuit.  *See Li*, 259 F.3d at 1136 (holding under § 1252(e)(3) that alien's challenge to expedited removal system could not be brought in courts in Ninth Circuit).

Because Mr. Vaupel's claims on appeal seek review of the expedited removal order beyond the limited scope of review permitted in habeas corpus proceedings by § 1252(e), we do not have jurisdiction to consider them.

### B.  Challenges to Continued Detention

Mr. Vaupel also contends that his continued detention in ICE custody for over two years, without an opportunity for supervised release, is contrary to statute and violates his constitutional rights of due process and equal protection. He argues as well that the district court erred in denying his request for interim relief from detention.  After making these contentions in his opening appeal brief, Mr. Vaupel was released from detention upon his removal to Australia in February 2007.  We must therefore consider whether these claims regarding his previous detention are now moot.  *See Riley v. INS*, 310 F.3d 1253, 1256-57 (10th Cir. 2002).

> Our inquiry then becomes whether Appellant meets one of the exceptions to the mootness doctrine. We will not dismiss a petition as moot if (1) secondary or collateral injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Id.* (holding that claim in habeas petition for release from detention was moot after petitioner was granted supervised release) (quotations omitted).

Based on the record before us, none of these exceptions applies in this case. Notably, Mr. Vaupel did not make a claim for damages in his habeas petition, seeking instead only a release from custody and declaratory relief. *See* R., Doc. 1 at 19. Thus, he has not demonstrated any secondary or collateral injury surviving his detention. *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (holding that challenge to detention without opportunity for bond was mooted by deportation where petitioner did not seek monetary damages for loss of liberty or consortium); *see also Abdala v. INS*, 488 F.3d 1061, 1064-65 (9th Cir. 2007) (collecting cases where habeas claims were fully resolved and rendered moot by release from custody). We decline to issue an advisory opinion regarding the legality of Mr. Vaupel's detention, "because a declaratory judgment on that question would have no meaningful effect on the [Department of Homeland Security's] future conduct towards [him]." *Ferry*, 457 F.3d at 1132.

### C. Remaining Claims on Appeal

Mr. Vaupel also contends on appeal that his due process rights would be violated if he were removed to Australia prior to a determination on his VAWA petition. But in the same brief he waived his only requested relief on this claim by withdrawing "any and all requests for a stay of removal." Aplt. Opening Br. at 48. Therefore, we hold that Mr. Vaupel has waived appellate review of this claim. Even without this express waiver, we would conclude that this claim is also mooted by Mr. Vaupel's deportation because he has not demonstrated a collateral injury surviving his removal. We agree with the district court that there is no basis to his claim that his removal would prevent the continued adjudication of his VAWA petition. *See* R., Doc. 12, Ex. A-19 at 2 (declaration by representative of agency processing petition that it would not be abandoned upon him leaving the United States).

Finally, he raises two additional claims on appeal. He contends that the district court abused its discretion in denying him leave to file a supplemental brief. He also argues that the district court erred in granting the motion to dismiss by respondents Mario Ortiz, Michael Chertoff, Michael J. Garcia, and Alberto Gonzales on the basis that they did not have custody of Mr. Vaupel. In light of our previous rulings that we lack jurisdiction to consider his other claims on appeal, we find it unnecessary to decide these issues. Even if Mr. Vaupel were to prevail on either or both of these claims of error, the resulting determination

would have no impact on his ability to obtain the relief he seeks in his habeas petition or on the outcome of this appeal. *See United States v. Torres*, 182 F.3d 1156, 1164 & n.2 (10th Cir. 1999) (finding "no reason to abandon principles of judicial restraint and render an opinion that is unnecessary and meaningless as applied to the defendant in this case").

### III. Conclusion

We do not have jurisdiction to consider Mr. Vaupel's claims on appeal challenging the validity of the expedited removal order. His claims related to his continued detention are moot. We therefore DISMISS the appeal. His motion to proceed in forma pauperis is GRANTED.

Entered for the Court

David M. Ebel
Circuit Judge