

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2008

# Kurtishi v. Cicchi

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4595

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Kurtishi v. Cicchi" (2008). *2008 Decisions.* Paper 1397.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1397

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-145                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4595
_____

MUSHTEBA KURTISHI,
                                        Appellant

v.

EDMOND CICCHI, Warden, Middlesex County Jail;
CHRISTOPHER SHANAHAN, New York City Field Office
Director, Department of Homeland Security,
Immigration and Customs Enforcement;
DEPARTMENT OF HOMELAND SECURITY;
IMMIGRATION & CUSTOMS ENFORCEMENT

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-05169)
District Judge:  Honorable Freda L. Wolfson

_____

Submitted for Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 28, 2008

Before:  SLOVITER, FISHER and HARDIMAN, CIRCUIT JUDGES.

(Filed: March 24, 2008)
_____

OPINION
_____

PER CURIAM

Appellant Mushteba Kurtishi appeals from the District Court's order denying his petition for a writ of habeas corpus. Appellees Christopher Shanahan, Department of Homeland Security, and Immigration and Customs Enforcement have moved for a summary affirmance of the District Court's order entered on November 29, 2007.[1] For the reasons discussed below, we will grant the Appellees' motion to the extent Kurtishi seeks to appeal the District Court's denial of his challenge to the order of removal for lack of jurisdiction. To the extent Kurtishi seeks to appeal the District Court's rejection of his petition for relief under 28 U.S.C. § 2241, we will dismiss the appeal as moot.

In 1997, Kurtishi was ordered removed from the United States to Macedonia after an immigration judge denied his application for asylum and withholding of deportation. Kurtishi filed an unsuccessful appeal to the Board of Immigration Appeals, as well as three subsequent unsuccessful motions to reopen his asylum proceedings. Kurtishi also filed a petition for review with the United States Court of Appeals for the Second Circuit,[2] which denied it on February 15, 2006. Kurtishi was then taken into custody by

_____

[1]Although Edmond Cicchi, warden of the Middlesex County Jail, was named as a party in Kurtishi's amended habeas petition, it appears from the District Court docket that he did not participate in the proceedings before that court. In any event, for the reasons explained below, any claims with respect to Cicchi's detention of Kurtishi are moot.

[2]The final hearing in Kurtishi's deportation proceedings apparently took place in New York.

2

the Department of Homeland Security and Immigration and Customs Enforcement and held at Middlesex County Jail in New Jersey.

While he was in custody, Kurtishi filed a petition for writ of habeas corpus. After filing that petition, Kurtishi was deported. A few hours before this deportation, Kurtishi filed an emergency motion for a temporary restraining order with the District Court. After a teleconference, the District Court granted a temporary restraining order enjoining Kurtishi's removal based on the exigent circumstances created by Kurtishi's eleventh hour application. At that time, the District Court did not make any findings regarding Kurtishi's right to relief. Apparently, Kurtishi was deported during the teleconference, before the order granting a temporary restraining order was entered. Accordingly, the District Court modified its order to state that Kurtishi should be returned to the United States and held in custody until further order of the District Court. The District Court also granted Kurtishi permission to file an amended habeas petition.

Kurtishi subsequently filed an amended habeas petition conceding that the REAL ID Act divested federal district courts of jurisdiction to review final orders of deportation, but nonetheless seeking to challenge his "continued restraint by DHS-ICE" under 28 U.S.C. § 2241. Kurtishi also argued that his enforced departure from the United States was unlawful "as the DHS-ICE continued the process of removing him even after a federal judge had granted his request for a temporary restraining order." Appellees filed a response opposing the amended habeas petition.

The District Court issued an opinion and order denying both the original and amended habeas petitions and vacating its prior temporary restraining order as improvidently granted. The District Court reasoned that its prior temporary restraining order had been improvidently granted because it lacked jurisdiction under the Real ID Act, Publ. L. 109-13m 119 Stat. 231, to review the order of removal that had been entered against petitioner. The District Court also observed that the United States Court of Appeals for the Second Circuit had already reviewed a petition for review from Kurtishi. However, the District Court went on to conclude that it did have jurisdiction to entertain Kurtishi's challenge to the legality of his detention under § 2241. The District Court stated that it had jurisdiction to hear this challenge even though Kurtishi had already been deported because Kurtishi's original habeas petition was filed when he was still in custody. The District Court further concluded the petition was not moot because the court's prior order directed that Kurtishi be returned to the United States pending the resolution of his amended petition.

The District Court then rejected Kurtishi's challenge to his deportation on the merits because Kurtishi had provided no rationale for his argument that his five-week detention was unlawful. The District Court further reasoned that his enforced departure was lawful because, inter alia, DHS had no knowledge the TRO was granted until after the plane had left the gate. The District Court also explained that because the TRO had now been vacated as improvidently granted, it could no longer serve as a basis for an

4

argument that Kurtishi had been unlawfully detained. Moreover, the District Court rejected Kurtishi's petition to the extent he sought to rely on 8 U.S.C. § 1231(a), concluding that a five-week detention was presumptively reasonable under Zadvydas v. Davis, 533 U.S. 678 (2001). Kurtishi timely appealed and, as noted above, the Appellees seek summary affirmance of the District Court's order. Kurtishi has not filed a response to the Appellees' motion for summary affirmance.

For substantially the reasons stated by the District Court, we agree that the District Court was without jurisdiction to consider Kurtishi's challenge to his order of removal and will summarily affirm this part of the District court's order. See Bonhomretre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir. 2005) (Real ID Act effectively limits "all aliens to one bite of the apple with regard to challenging an order of removal").[3]

To the extent Kurtishi seeks to appeal the District Court's rejection of his challenge to the legality of his five-week detention under 28 U.S.C. § 2241, we will dismiss the appeal as moot. Regardless of whether an Article III, § 2 case or controversy continued to exist during the District Court proceedings, Kurtishi must show the subsistence of a case or controversy in this Court. Chong v. District Director, I.N.S., 264 F.3d 378, 383 (3d Cir. 2001). Kurtishi cannot make this showing. In view of Kurtishi's deportation, there are no remaining collateral consequences that may be redressed by

---

[3]No transfer of Kurtishi's habeas petition was necessary given that the Second Circuit had already ruled on a petition for review from Kurtishi.

success on Kurtishi's challenge under § 2241 to his "continued restraint by DHS-ICE." See Abdala v. Immigration and Naturalization Service, 488 F.3d 1061, 1065 (9th Cir. 2007) (petition complaining of the length of detention at an INS facility mooted by petitioner's subsequent deportation six weeks later).  Further, to the extent Kurtishi attempts to premise a request for relief on the fact that he was allegedly deported after the District Court granted his request for a temporary restraining order, such a claim is moot given that the District Court vacated the order in question as improvidently granted.

For these reasons, we will grant the Appellees' motion for summary affirmance in part, and dismiss Kurtishi's challenge under § 2241 to his detention and deportation as moot.