FILED

**NOT FOR PUBLICATION**

MAY 05 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

TOMMASO GUERRINI,

       Petitioner - Appellant,

  v.

ERIC HOLDER, Attorney General of the
United States,

       Respondent - Appellee.

No. 06-55703

D.C. No. CV-05-06827-FMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

Submitted May 3, 2011[**]
Pasadena, California

Before: PREGERSON, FISHER, and BERZON, Circuit Judges.

    Tommaso Guerrini, a native and citizen of Italy, appeals the district court's

order denying and dismissing his 28 U.S.C. § 2241 habeas petition. Because the

petition is moot, we dismiss.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Guerrini was released from detention on January 5, 2007. "For a habeas petition to continue to present a live controversy after the petitioner's release . . . there must be some remaining collateral consequence that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) (internal quotation marks omitted).

Guerrini has not shown he suffered any legally cognizable collateral consequences from his detention. *See id. See also Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Moreover, we recently clarified in *Singh v. Holder*, No. 10-15715, 2011 WL 1226379, at *9 (9th Cir. Mar. 31, 2011), that post-hoc memorandum dispositions are inadequate and that audio recordings would satisfy due process. Thus, Guerrini cannot show that he has a reasonable expectation that he would be denied a recorded bond hearing in the future. *See also Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). Finally, Guerrini never represented, and does not currently represent, a certified class of similarly-situated aliens. *See Franks v. Bowman Transp. Co.*, 424 U.S. 747, 753-55 (1976).

Guerrini's current detention is the result of his intervening unlawful reentry attempt in 2009 and his current status as an "arriving alien" ineligible for bond under 8 C.F.R. § 235.3(b)(2)(ii). Thus, his current detention has no bearing on his habeas petition.

**DISMISSED.**