
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARCHISON TEBOGO LAZARUS, | No. 15-56555 |
| Petitioner-Appellant, | D.C. No. 3:14-cv-01618-JAH-KSC |
| v. | |
| LORETTA E. LYNCH, Attorney General; et al., | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted December 14, 2016**

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

Archison Tebogo Lazarus appeals pro se the district court's denial of his

petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

detention without release on bond. Our jurisdiction is governed by 28 U.S.C. § 1291. We dismiss for lack of jurisdiction.

We lack jurisdiction to review the district court's denial of Lazarus' habeas petition because his release from detention on April 14, 2016, rendered his habeas petition moot. *See Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) ("For a habeas petition to continue to present a live controversy after the petitioner's release . . . there must be some remaining collateral consequence that may be redressed by success on the petition." (citation and quotation marks omitted)). Lazarus has not shown that he suffers any remaining legally cognizable collateral consequences from his detention (including those imposed by the company that paid his bond), *id.*, or that there is a reasonable expectation that he would be unlawfully detained by Respondents-Appellees in the future, *see Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S. Ct. 347, 46 L. Ed.2d 350 (1975) ("[I]n the absence of a class action, the 'capable of repetition, yet evading review' doctrine [is] limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.").

Lazarus contends that this court should resolve his claim of being a United States national because, until the claim of nationality is resolved, the propriety of his ongoing removal proceedings are in doubt. He also challenges an immigration judge's denial of his motion for return of documents in his ongoing removal proceedings. However, the proceeding before us is an appeal from the denial of a habeas petition challenging his immigration detention; it is not a petition for review from his removal proceedings. Because these claims relate to his ongoing removal proceedings, as opposed to his detention, they are not properly before us upon a petition for habeas corpus. *See Singh v. Holder*, 638 F.3d 1196, 1210-12 (9th Cir. 2011) (the REAL ID ACT eliminated habeas review of challenges to removal orders and, although aliens may continue to bring challenges to their detention through a habeas petition, the court may not look to the "underlying removal claim" because doing so would allow "every alien petitioning for review of his removal order [to] also petition for habeas review," which would undermine the streamlined system Congress created); *see also* 8 U.S.C. § 1252(b)(2)(9) (all issues of law and fact "arising from any action taken or proceeding brought to remove an alien . . . shall be available only in judicial review of a final order" upon a petition for review).

**DISMISSED.**