NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELCHOR KARL T. LIMPIN, | No. 17-56378 |
| Petitioner-Appellant, | D.C. No. 3:16-cv-01438-AJB-BLM |
| v. | |
| FIGUEROA, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted September 12, 2018[**]

Before:   LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Melchor Karl T. Limpin, a native and citizen of the Philippines, appeals pro

se from the district court's denial of his petition for writ of habeas corpus under 28

U.S.C. § 2241, challenging his immigration detention without release on bond. Our

jurisdiction is governed by 28 U.S.C. §§ 1291 and 2253.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

In response to an order from this court, Limpin indicated he was released on bond from immigration detention on September 12, 2016. Because Limpin's petition did not assert any collateral consequences from his detention, and requested only release from detention, there is no longer any relief this court can grant him. Therefore, his appeal is dismissed as moot. *See Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) ("For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining 'collateral consequence' that may be redressed by success on the petition." (citation omitted)).

We are not persuaded by Limpin's contention that his claim is not moot, because it is capable of repetition, yet evading review, where it is based on a misreading of *Preap v. Johnson*, 303 F.R.D. 566 (N.D. Cal. 2014), *affirmed by Preap v. Johnson*, 831 F.3d 1193 (9th Cir. 2016), *cert. granted, Nielsen v. Preap*, 138 S. Ct. 1279 (2018).

**DISMISSED.**