**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 09 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JAVIER F. CORRAL,<br><br>               Petitioner-Appellant,<br><br>v.<br><br>WILLIAM BARR, Attorney General; KEVIN McALEENAN, Acting Secretary of the U.S. Department of Homeland Security; DAVID JENNINGS, in his official capacity as Field Office Director; DAVID O. LIVINGSTON, in his official capacity as Sheriff-Coroner of Contra Costa County in charge of the West County Detention Facility,<br><br>               Respondents-Appellees. | No.   18-15007<br><br>D.C. No. 3:17-cv-03987-JST<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted February 13, 2019**
San Francisco, California

---

     *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: SCHROEDER, O'SCANNLAIN, and RAWLINSON, Circuit Judges.

Petitioner Javier Corral (Corral) appeals the district court's dismissal of his federal habeas petition and motion for a temporary restraining order (TRO) as moot.

Following Corral's release under an order of supervision, the district court properly dismissed as moot Corral's habeas petition challenging the initial bond determination made by the immigration judge (IJ). The focus of Corral's habeas claims was that the IJ improperly relied on a police report from his pending state criminal case to deny bond, and erroneously determined that Corral failed to satisfy his burden of demonstrating that he was not a flight risk or danger to the community. Corral concedes that his subsequent release from custody on his own recognizance was "exactly the relief that [he] sought at his original custody redetermination hearing or bond hearing before the IJ. [Corral] did not then, and does not now, want to challenge or change this decision."

The IJ's prior bond determination also does not give rise to any collateral consequences in light of Corral's release, particularly as Corral merely speculates that the prior bond determination might be erroneously utilized in his removal proceedings if he is detained in the future. *See Spencer v. Kemna*, 523 U.S. 1, 14-15 (1998) (rejecting assertion that collateral consequences resulted from parole

revocation because it was overly speculative that the revocation might be used in future proceedings). Corral similarly does not demonstrate that the voluntary cessation exception to mootness applies because his release from custody has "completely and irrevocably eradicated the effects of the alleged violation" premised on errors in the IJ's bond determination. *Fikre v. F.B.I.*, 904 F.3d 1033, 1037 (9th Cir. 2018) (citations omitted). As a result, Corral's habeas petition was rendered moot by his release because "successful resolution of [his] pending claims could no longer provide the requested relief." *Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007).

**AFFIRMED.**