**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASON SINAGWANA NSINANO, AKA Jason Nsinano, | No. 18-55582 |
| Petitioner-Appellant, | D.C. No. 5:17-cv-00094-VBF-GJS |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted May 14, 2020
Portland, Oregon

Before: BYBEE and VANDYKE, Circuit Judges, and CHHABRIA,** District
Judge.

While detained by immigration authorities, Petitioner Jason Nsinano filed a

petition for a writ of habeas corpus under 28 U.S.C. § 2241. The primary relief

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Vince Chhabria, United States District Judge for the
Northern District of California, sitting by designation.

sought by the petition was a law enforcement certification under 8 U.S.C. § 1184(p) that would enable Nsinano to apply for a U-visa. The district court dismissed the petition for lack of subject-matter jurisdiction. Because the parties are familiar with the facts, we do not recite them here except as necessary. We dismiss the appeal.

1.      Nsinano argues that, under a liberal construction of his pro se habeas petition, he alleged a due process-based challenge to his prolonged detention without a bond hearing. Assuming that is true, Nsinano's due process claim is moot because he has since been released from immigration custody on bond. *See Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) ("[A] petitioner's release from detention under an order of supervision moot[s] his challenge to the legality of his extended detention." (internal quotation marks omitted)). In other words, Nsinano's due process claim was "fully resolved by release from custody." *Id.* at 1065. His reliance on *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011), and *Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010), is misplaced because those cases dealt with habeas petitioners who were no longer in custody at the Government's discretion and no legal impediment to redetention existed. *See Diouf*, 634 F.3d at 1084 n.3 (petitioner released pursuant to a preliminary injunction that was subsequently vacated, and Government "elected [not] to

2

redetain him"); *Rodriguez*, 591 F.3d at 1117 (petitioner released under regulatory provision providing immigration authorities near total discretion to redetain petitioner). Thus, Nsinano's due process claim is moot.

2. As for Nsinano's request for a U-visa certification, we lack jurisdiction to review this issue. We agree that the district court appears to have misinterpreted Nsinano's claim as a challenge to the denial of a U-visa application. Nsinano asked only for a law enforcement certification under 8 U.S.C. § 1184(p). But this misinterpretation is of little import here, for the district court indicated near the end of its order that it would not issue a certification because "[t]he appropriate Court to issue a law enforcement certification is the court that dealt with the underlying criminal case (if one exists) or the agency that investigated the criminal complaint."

A district court's decision not to issue a law enforcement certification is an administrative action, not a judicial one. When faced with a request for a certification, a judge has discretion whether to certify that the requestor "has been helpful, is being helpful, or is likely to be helpful" to an investigation or prosecution of qualifying criminal activity. 8 U.S.C. § 1184(p)(1). If the judge chooses to make that certification, the judge must sign the certification form under penalty of perjury. *See Perez Perez v. Wolf*, 943 F.3d 853, 857–58 (9th Cir. 2019).

Here, the district judge's refusal to perform the administrative act of signing the certification on the grounds she articulated does not result in an appealable decision under 28 U.S.C. § 1291. *See In re Application for Exemption from Elec. Pub. Access Fees by Jennifer Gollan & Shane Shifflett*, 728 F.3d 1033, 1039–40 (9th Cir. 2013) (holding that we lack jurisdiction under 28 U.S.C. § 1291 to review a district court's "administrative or ministerial order").

**APPEAL DISMISSED.**