NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CESAR JACOBO LUNA-FLORES; JOSE ANTONIO JACOBO LUNA-LOPEZ; MARIA DEL CARMEN FLORES-CASTILLO; MELVA ELIU BRAVO-MORALES; et al., <br><br> Petitioners-Appellants, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. CUSTOMS AND BORDER PROTECTION; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; CHAD F. WOLF, in his official capacity as Secretary of DHS; L. FRANCIS CISSNA, in his official capacity as Director of CIS; TONY H. PHAM, in his official capacity as Acting Director of ICE; RODNEY SCOTT, in his official capacity as Chief Border Patrol Agent for CBP; WILLIAM P. BARR, Attorney General; JAMES MCHENRY, his official capacity as Director of the Executive Office for Immigration Review (EOIR), <br><br> Respondents-Appellees. | No. 19-56020 <br><br> D.C. No. 3:19-cv-00316-JM-BLM <br><br> MEMORANDUM[*] |

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted December 2, 2020[**]

Before:     WALLACE, CLIFTON, and BRESS, Circuit Judges.

Cesar Jacobo Luna-Flores and ten family members appeal from the district court's judgment dismissing their 28 U.S.C. § 2241 habeas corpus petition.  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.  We review de novo, *Zavala v. Ives*, 785 F.3d 367, 370 (9th Cir. 2015), and we affirm.

The district court did not err in determining that petitioners' habeas corpus petition was moot, where petitioners were no longer in custody and conceded they were seeking an advisory opinion.  *See Abdala v. INS*, 488 F.3d 1061, 1063-64 (9th Cir. 2007) (a habeas petition becomes moot if there is no longer a case or controversy following petitioner's release from custody).  The record does not support petitioners' contention that collateral consequences create a live controversy.  *See id.* at 1064 ("[W]here the grounds for habeas relief will not

_____

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody.").

**AFFIRMED.**