NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 29 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAREN PANOSYAN, | No. 19-56315 |
| Petitioner-Appellant, | D.C. No. 8:18-cv-01726-JGB-LAL |
| v. | |
| ALEJANDRO N. MAYORKAS, in his official capacity as Secretary of the Department of Homeland Security; et al., | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted July 27, 2021**
Pasadena, California

Before: M. SMITH and OWENS, Circuit Judges, and ROBRENO,*** District
Judge.

Karen Panosyan, a citizen of Armenia and passport holder of the former

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Union of Soviet Socialist Republics, appeals from the district court's denial and dismissal of his habeas petition challenging his detention. Because the parties are familiar with the facts, we do not recount them here. We dismiss Panosyan's habeas petition as moot.

"[A] case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'" *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (second alteration in original) (citation omitted). "[A] petitioner's release from detention under an order of supervision moot[s] his challenge to the legality of his extended detention." *Id.* at 1064 (internal quotation marks and citation omitted). For Panosyan's "habeas petition to continue to present a live controversy after [his] release . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Id.*

In his petition for a writ of habeas corpus, Panosyan requested immediate release from custody under reasonable conditions of supervision, or in the alternative, a constitutionally adequate hearing before an impartial adjudicator at which the Government would bear the burden of establishing that Panosyan's continued detention is justified. Panosyan has since been granted bond and released from custody after a hearing at which an Immigration Judge ("IJ") placed the burden on the Government to prove by clear and convincing evidence that Panosyan was unsuitable for release on bond. Therefore, the claims raised "were

2

fully resolved by release from custody," and "successful resolution of [the] pending claims could no longer provide the requested relief." *Id.* at 1065.

Nor are there any collateral consequences. Although the district court concluded Panosyan's habeas petition was not moot because the Government had not provided assurances that it would not redetain Panosyan, *see Diouf v. Napolitano*, 634 F.3d 1081, 1084 n.3 (9th Cir. 2011); *Picrin-Peron v. Rison*, 930 F.2d 773, 775-76 (9th Cir. 1991), the circumstances have since changed. The Government argues on appeal that because the IJ granted Panosyan's request for release on bond and ICE did not appeal that decision, the IJ's order is now administratively final. Thus, absent changed circumstances, *see Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981), such as "reinvolvement with the criminal justice system," *Picrin-Peron*, 930 F.2d at 776 (internal quotation marks omitted), ICE cannot redetain Panosyan.

Because we can be "satisfied that the alleged wrong[ful detention] will not recur" absent changed circumstances, *id.*, and because we have previously listed release with supervision as an action that moots a habeas petition, *Abdala*, 488 F.3d at 1064-65, we dismiss Panosyan's habeas petition as moot. *See United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018) ("A case that becomes moot *at any point* during the proceedings is no longer a 'Case' or 'Controversy' for purposes of Article III, and is outside the jurisdiction of the federal courts."

3

(emphasis added) (some internal quotation marks and citation omitted)).

**DISMISSED**.