NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EUNHEA KWAK,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    18-73382

Agency No. A206-407-945

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2021[**]
San Francisco, California

Before:  WARDLAW, BRESS, and BUMATAY, Circuit Judges.

Eunhea Kwak, a citizen of South Korea, petitions for review of a decision by

the Board of Immigration Appeals (BIA) dismissing her appeal of an Immigration

Judge's (IJ) order denying her applications for asylum, withholding of removal, and

relief under the Convention Against Torture (CAT).  We have jurisdiction to review

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Kwak's petition under 8 U.S.C. § 1252.[1]  We review questions of law, and mixed questions of law and fact, de novo.  *Torres v. Barr*, 976 F.3d 918, 923 (9th Cir. 2020).  We review factual findings for "substantial evidence." *Mairena v. Barr*, 917 F.3d 1119, 1123 (9th Cir. 2019).  Under that standard, we must find the BIA's findings sufficient unless, after reviewing the record as a whole, "any reasonable adjudicator" would have been "compelled" to reach a different conclusion.  8 U.S.C. § 1252(b)(4)(B); *Garland v. Ming Dai*, 141 S. Ct. 1669, 1677 (2021); *Mairena*, 917 F.3d at 1123.

1.      The BIA did not err in concluding that Kwak committed a "particularly serious crime," and is thus statutorily ineligible for asylum and withholding of removal.  *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii); *see also Delgado v. Holder*, 648 F.3d 1095, 1101 (9th Cir. 2011) (en banc).  We lack jurisdiction to review the agency's ultimate determination that Kwak's crime was "particularly serious." *Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020).  However, we retain jurisdiction to determine whether the agency applied the correct legal standard to

---

[1] Kwak's petition is not moot even though she has returned to South Korea.  "[A] petition for review is mooted by the petitioner's removal from the United States unless there is 'some remaining "collateral consequence" that may be redressed by success on the petition.'" *Del Cid Marroquin v. Lynch*, 823 F.3d 933, 935 (9th Cir. 2016) (per curiam) (quoting *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007)).  Despite Kwak's voluntary request for removal and her subsequent removal to South Korea, the government has not shown that Kwak's success on her petition would not provide her any benefit.  *See Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1305 n.1 (9th Cir. 2015).

that inquiry. *Id.* We review the BIA's decision for abuse of discretion, and may grant relief only if the agency's decision was arbitrary, irrational, or contrary to law. *Id.*

Here, the BIA properly evaluated Kwak's crimes under the three-factor test in *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982). *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). Under *Frentescu*, "[t]he factors to be considered are: (1) the nature of the conviction, (2) the type of sentence imposed, and (3) the circumstances and underlying facts of the conviction." *Bare*, 975 F.3d at 961 (quotations omitted). The agency first considered the nature of Kwak's arson offense, describing it as an "inherently dangerous" crime that could have resulted in death or serious injury to persons in Kwak's 30-story apartment building. The agency then considered that Kwak received a suspended four-year prison sentence and a year in jail, with credit for time served. The agency also reviewed the circumstances of Kwak's conviction, acknowledging her testimony that she had not been in her "right mind" at the time of the fire, but finding that her mental state did not excuse the serious nature of the crime. The BIA thus applied the correct legal standard, and we may not reweigh the evidence. *Avendano-Hernandez*, 800 F.3d at 1077.

2. In the alternative, the BIA determined that Kwak was not entitled to asylum or withholding of removal because Kwak's proposed social group—"victims

of sex trafficking"—was not cognizable.  A "particular social group must exist independently" of the claimed harm, and the BIA determined that the group "victims of sex trafficking" is defined only by the harm inflicted on its members.  *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1080 (9th Cir. 2020).  Kwak did not address this aspect of the BIA's decision in her brief, and thus waived any challenge to it.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("an issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived").  Kwak has likewise waived any challenge to her claim for deferral of removal under CAT.  *See id.*

**PETITION DENIED.**